UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAYE SMYTH, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, THE CITY OF NEW YORK FIRE DEPARTMENT, Daniel A. Nigro, as Commissioner of the New York City Fire Department,<br><br>Defendants. | CIVIL ACTION<br>CASE NO: 17-cv-492<br><br>**ACTION UNDER<br>29 U.S.C. § 203** *et seq.*<br><br>**COMPLAINT** |

Named Plaintiff, FAYE SMYTH, individually and on behalf of all other persons similarly situated (collectively "Plaintiffs") employees currently or formerly employed by Defendants, by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover liquidated damages for delayed payments of overtime and other wages

2. Plaintiffs allege that they are entitled to declaratory judgment, liquidated damages for untimely paid overtime compensation, and other relief from Defendants, and attorneys' fees and costs to remedy Defendants' willful violations of the FLSA.

3. Beginning in approximately January, 2014 and continuing to the present, Defendants engaged in a policy and practice failing to pay all earned overtime compensation to Plaintiff and others similarly situated, depriving them of timely payment of overtime compensation for hours worked in excess of forty (40) hours per week.

1

4.  The Named Plaintiff has initiated this action on behalf of herself and all persons similarly situated to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

6.  This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' respective principal places of business are in this district.

8.  The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.  Named Plaintiff Faye Smyth is a resident of the State of New York, and a member of the Uniformed Fire Alarm Dispatchers Benevolent Association, International Association of Fire Fighters Local 4959. Plaintiff Smyth has been employed by Defendant the City of New York in various capacities since approximately 1989, has been employed by the Fire Department of the City of New York since approximately 1997, and currently works as a Supervising Fire Alarm Dispatcher, Level 1.

10. At all relevant times, members of the putative collective action worked as Supervising Fire Alarm Dispatchers, Fire Alarm Dispatchers, or in other related trades within the Fire Department of the City of New York.

11. Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

12. Defendant, The City of New York, is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

13. Defendant, The City of New York Fire Department ("FDNY"), is an agency of the City of New York authorized and existing, pursuant to New York City Charter §§481 et seq., and the New York City Administrative Code, Title 15, §§ 15-101, et seq.

14. Defendant FDNY is an administrative division of Defendant The City of New York and is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

15. Defendant, Daniel A. Nigro, is the Commissioner of the FDNY and has the powers and duties set forth in the New York City Charter, Chapter §§ 481, et seq., and the New York City Administrative Code, Title 15, §§15-101, et seq.

16. During all times relevant, The City of New York, the FDNY, and Daniel A. Nigro (herein referred to collectively as "Defendants") were all Plaintiffs' "employer[s]" as contemplated by the FLSA, 29 U.S.C. § 203(d)

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Upon information and believe, Plaintiff and others similarly situated constitute "employees" subject to the protection of the Fair Labor Standards Act.

18. Upon information and believe, Defendants constitutes an "employer" subject to the requirements of the Fair Labor Standards Act.

19. Plaintiffs allege that they are entitled to liquidated damages pursuant to 29 U.S.C. §§ 201 et. seq., and attorneys' fees and costs to remedy Defendant's willful violations of the FLSA.

20. Beginning in approximately January of 2014 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs and all others similarly situated all earned overtime and other wage payments on their next scheduled payday after the work was performed, and delaying those payments to later pay periods.

21. The Named Plaintiffs have initiated this action on behalf of themselves all persons similarly situated to recover damages for overtime and other compensation that they were deprived of timely payment for, including liquidated damages, interest, attorneys' fees, and costs.

22. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

23. This action is brought on behalf of Plaintiffs and a putative collective consisting of similarly situated employees employed as Supervising Fire Alarm Dispatchers, Fire Alarm Dispatchers, or in related trades who performed work or have worked for Defendants at any time since January of 2014, to the entry of judgment in this case, who were employees within the meaning of the FLSA and who were not timely paid overtime wages for all hours worked in the pay period immediately following the work performed, at times later than their next regularly scheduled wage payments (the "Putative Collective").

24. Plaintiffs and the Putative Collective were non-exempt employees eligible to be paid for every hour worked, including overtime compensation for those hours worked over forty in a week.

25. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all

victims of the Defendant's common policy and/or plan to violate the FLSA by failing to timely provide payment for overtime wages at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

26. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and members of the Putative Collective.  This policy and pattern or practice includes willfully failing to timely pay Plaintiffs and members of the putative collective overtime wages for hours that they worked in excess of 40 hours per workweek.

27. Plaintiffs and members of the Putative Collective were all employed by Defendants.

28. Upon information and belief, Defendants uniformly apply the same payment policies, practices, and procedures to all members of the Putative Collective.

29. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of Putative Collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 50 individuals. In addition, the names of all potential members of the Putative Collective are not known.

30. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendant employed Plaintiffs within the meaning of the FLSA; whether Defendant failed to timely pay the Plaintiffs and members of the Putative Collective their earned overtime wages, at the rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; whether Defendant's failure to timely pay overtime wages is a violation of the timely payment requirements of 29 C.F.R. § 778.106; whether Defendants' violations of the FLSA are willful as that term is used within the meaning

5

of the FLSA; whether Defendants are liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and whether Defendant should be enjoined from such violations of the FLSA in the future.

31. The claims of Plaintiff are typical of the claims of the Putative Collective.

32. The Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

33. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies and practices.

## FACTS

34. Pursuant to the FLSA, 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages… not less than… $7.25 an hour."

35. Pursuant to the FLSA, 29 U.S.C. § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed."

36. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37. Pursuant to 29 C.F.R. § 778.106, "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

38. Plaintiffs and other similarly situated employees are or have been employed by Defendant in various capacities at times between January 2014 and the present.

39. Plaintiffs and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

40. Defendants are "employer[s]," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

41. Defendants have engaged in a pattern and practice of failing to ensure that Plaintiffs and others similarly situated received payment for all overtime hours worked in any given week, on the regularly scheduled payday after the work was performed.

42. For example, Named Plaintiff Faye Smyth regularly worked more than 40 hours in a given week.

43. At all times between January 2014 and the present, Defendants have engaged in a policy and practice of issuing paychecks which routinely delay portions of overtime payments for work performed in a particular week to a later paycheck than payment for regular-time hours worked in that week.

44. Defendant's policy and practice towards Named Plaintiff and others similarly situated is

to pay Plaintiffs' overtime wages in paychecks issued after those issued immediately after the work was performed, resulting in damages to the Named Plaintiff and others similarly situated.

45. Upon information and belief, the correct amount of overtime compensation can be determined for each work period before the scheduled payday for that work period.

46. This policy and practice is reflected in the paystubs issued by Defendant to workers, which includes a section for both "AMT. [amount] EARNED THIS PERIOD" and "AMT. [amount] EARNED PRIOR PERIOD."

47. Throughout the relevant period, Defendant has undertaken a willful policy and practice of violating the FLSA by failing to timely pay Plaintiffs for work performed on their next scheduled payday.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: DELAYED OVERTIME PAYMENTS

48. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

49. Defendants have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs all overtime wages and other wages owed during the regular pay period in which the work was performed.

50. Pursuant to 29 U.S.C. § 778.106, "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

51. Defendants have violated the Fair Labor Standards Act by failing to pay overtime wages, and other wages to Plaintiffs on the next scheduled payday after the work was performed.

52. Defendants' violation was willful.

53. The failure of Defendants to pay Plaintiffs and members of the Putative Collective their rightfully owed wages and overtime compensation in a timely manner as required by the Fair Labor Standards Act and its implementing regulations was willful.

54. Plaintiffs are entitled to a declaratory judgment directing that Defendants' practice of delaying overtime payments is in violation of the FLSA.

55. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1)    on their First cause of action, in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid wages earned but not timely paid each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs; and

(2)    any other and further relief the Court may deem appropriate.


Dated: New York, New York
       January 23, 2017

VIRGINIA & AMBINDER, LLP


By:___s/Lloyd Ambinder, Esq._____
Lloyd Ambinder, Esq.
James Emmet Murphy, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys Plaintiffs and the Putative Collective*