IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

FAYE SMYTH and JOSEPH SHOVLIN, individually and
on behalf of all other persons similarly situated,

                                       Plaintiffs,

        -against-

THE CITY OF NEW YORK,

                                       Defendant.

------------------------------------------------------------------- x

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

17 Civ. 492 (GBD)

        **WHEREAS**, all the parties to this action (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

        **WHEREAS**, the Parties, through counsel, agree to the following terms; and

        **WHEREAS**, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

        **IT IS HEREBY ORDERED** that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

        1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

1

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    a) any information concerning any third-party in the care, custody, and control of the Fire Department of the City of New York ("FDNY");

    b) any information of a personal or intimate nature regarding any individual who is not a plaintiff in this action;

    c) previously non-disclosed business plans, product-development information, or marketing plans;

    or

    d) any other category of information the Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) marking "Confidential" on each page of the document or otherwise marking the Confidential portion "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be designated as "Confidential."

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will mark the designated testimony it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing

Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. Any depositions taken in this action (where either the Confidential Discovery Material or the documents containing the Confidential Discovery Material may be disclosed or used) shall be attended only by the deponent, the deponent's attorney, the parties, the parties' counsel of record, and any other members of their firm and/or office (including any contractors, experts or individuals engaged by counsel in connection with performing services in this litigation), the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Order.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. This Order also does not bar the Parties from redacting from any documents produced in discovery the personal identifying information of potential, current or former employees of the City, including, but not limited to, home addresses, social security numbers, dates of birth and telephone numbers of those employees and any family members. Upon the receipt of any documents with redacted information, the non-Producing Party reserves the right to object to any redactions and the Parties shall meet and confer within five (5) business days of the objection to discuss whether the redacted information shall be disclosed. If the Parties cannot resolve the dispute, the objecting Party may file a discovery dispute in accordance with the applicable Court rules.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a) the Parties to this action;

   b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

   c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

   d) any mediator or arbitrator that the Parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   h) stenographers engaged to transcribe depositions the Parties conduct in this

action; and

i) the Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon opposing counsel's request.

9. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. The public has a presumptive right of access to judicial documents. As such, all persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall follow the Court's Individual Practices in Civil Cases, Section 4.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance the

Court's Individual Practices.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court in accordance the Court's Individual Practices.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, destroy such material – including all copies thereof. In either event, upon request of the Producing Party, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

18. The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York  
   February 13, 2020

  Lloyd Ambinder,  
  James E. Murphy  
  Virginia & Ambinder, LLP  
  40 Broad Street, 7th Floor  
  New York, New York 10004  
  (212) 943-9080  
  Attorneys for Plaintiffs

New York, New York  
February 13, 2020

**JAMES E. JOHNSON**  
Corporation Counsel of the  
 City of New York  
Attorney for Defendant  
100 Church Street, Room 2-185  
New York, New York 10007  
Tel: (212) 356-2450

By: \_\_\_\_\_/s/_____  
  James E. Murphy

By: \_\_\_\_\_/s/_____  
  Iván A. Méndez, Jr.  
  Assistant Corporation Counsel

**SO ORDERED:**

FEB 1 2 2020  
_____  
   Date

*[signature: George B Daniels]*  
_____  
   U.S.D.J.